suspicion section. Motion and half-breaks unanimously.  The legal question before the court today is whether there is a reasonable possibility that medical examination will substantiate the appellant, Mrs. Doopey's claim that her husband's PTSD caused or contributed to his coronary artery disease, which in turn contributed to his death. And why is it that question precisely the kind of question that we lack jurisdiction over because it involves factual questions and the looming of evidence? Because in this particular case, the Veterans Court applied the wrong legal standard. Indeed, it applied a legal standard far more onerous than that that is required by the statute, 51.3 big A little a. Namely, the Veterans Court required Mrs. Doopey to supply medical nexus evidence, which is not the correct standard to trigger whether or not VA is required to obtain an examination. In other words, it's a threshold question, a legal, it's the scope of the duty to assist question, which is purely a legal question. Well, we've said that the determination of whether there's a reasonable possibility that a medical opinion would aid in substantiating a claim and whether a medical opinion is substantiated claim requires weighing the probative value of the evidence. And that is a factual determination, not a legal one. But at the end of the day, Your Honor, the court never gave an actual application of the correct legal standards, which I believe are the words used, for example, in the Colantonio decisions on this court. If the Veterans Court, as in the Wood case and countless other cases that this court has entertained and has ruled upon, at the end of the day, the Veterans Court, in this case, didn't use the correct legal standard. And had they used the correct legal standard? Well, as you say in your brief, I mean, there's a fine line. You say in your brief several times you characterize what they did as misapplying the statute. Well, as I'm sure you know well, the application of a lot of facts is yet another basis upon which we have no jurisdiction, right? I do. And I apologize for the wording in the brief. It was imprecise, to say the least. Again, I would point to the way it was phrased in Colantonio, that the Veterans Court applied an erroneous interpretation. So in other words, they interpreted the law, their misinterpretation of the law, as requiring this medical nexus evidence, which is far too high of a threshold, far too high of a question of whether or not. Can you point us to their opinion and what precisely in the Veterans Court opinion you are on an issue with? I'm looking in the appendix, and I invite the court's attention to Appendix 8, where they do discuss, in fairness, they are discussing the evidence. They discuss the opinion of Dr. Patero, and they discuss the study and the fact that there is evidence out there that psychiatric conditions can contribute to coronary artery disease and other heart conditions. But the court goes on. The court need not decide whether to construct a link before the board, because such generic medical literature is insufficient to provide a medical link between this appellant's service-connected psychiatric disability and his heart disease. The court is, the Veterans Court is now not interpreting the law correctly. When it's reading 38 United States Code 5103, Big A, Little A, and some of this court's jurisprudence to require a medical link, and they've got a medical link, and nexus evidence, and things of that nature, yes, those are factual questions, properly before the board, and in some instances, properly before the Veterans Court, and not this court. But once they require a legal standard that is not found in the statute, and what is the proper interpretation of 5103, Big A, once they do that, they've committed a legal error, but this court... But there has to be some showing for this obligation to request a medical opinion, right? Yes, Your Honor. And what does that show? The showing, the showing in this case... Not what, just in general. What's the legal standard? Oh, I'm sorry. I apologize, Your Honor. The legal standard under 5103, Big A, is a reasonable possibility. If there's a reasonable possibility that a medical examination could substantiate a veteran's or a widow's claim, then a medical examination is necessary. Well, but ultimately, in order to substantiate the claim, you're going to have to demonstrate nexus, right? In order to substantiate the claim, and now we're getting into the factual territory, yes, you're going to have to get some medical nexus evidence. The question is whether or not the appellant in this case has a duty to provide that medical nexus evidence in order to trigger the statutory, the legal duty to trigger the duty to assist. Yes, those questions are absolutely going to have to be addressed below, whether there is nexus evidence or whether the VA is going to get nexus evidence. In other words, the statutory and legal duty here is whether or not VA has, under their statutory duties, the duty to go out and get the medical evidence. That medical evidence could come back favorably for Mississippi. That medical evidence may not come back favorably. But there's a reasonable possibility that it will come back favorably, and because of that reasonable possibility. Well, how do we know there's a reasonable possibility? Because of this information about possible connection to psychiatric problems? Is that what creates the reasonable possibility? That certainly helps to create the reasonable possibility. I would further argue that the legal standards, both under Congress's 5103 Big A and under 3.312, VA's own regulation, it's a pretty low standard. In fact, it's a very, very low standard. Costs are contributed to debt, and it's supposed to be that way because it's a veteran's right. But that's clearly a way, that's back into evaluating the way to find. It's going to result in a weighing of the evidence. But we can't get there because the misinterpretation of the law does not allow. Okay, let's stick with the misinterpretation of the law. I guess I'm not really understanding what you say is a misinterpretation. You're saying that they shouldn't have employed the nexus element at all. But how do you establish that? If nexus is a criteria for establishing a reasonable possibility, and that's what they're supposed to be doing, why is it improper? The nexus evidence is not what's required for the reasonable possibility. The nexus evidence is what is going to ultimately either result in an award of benefits, or it's going to result in the continuation of the denial of benefits. So what you seem to be saying is that there's no showing at all that the veteran has to make in order to get a medical examination. And the only circumstance in which a medical examination isn't required is where there's some proof in the record that it couldn't be beneficial. Is that a fair statement, what you're saying? Could be beneficial? Well, you're saying that there has to be an examination if there's a possibility that it could be a beneficial opinion, and that the only circumstance in which you don't have to ask for a medical opinion is where the record makes it clear that nothing in a medical opinion could be beneficial. I think that's correct, Your Honor. What case says that? I think that the plain language of the law says that. I think that once you get into reasonable possibility, I think it's a very, very, very low threshold for veterans to have to meet. Well, you're basically saying it's nonexistent. I don't believe it's nonexistent, Your Honor. And I do think that this case does present – you have to – and I know that everyone here is supposed to please, obviously – you do have to take – it's very broad. I'm asking for a very broad interpretation of reasonable possibility. In all honesty, that is true, but I believe that that broad – Well, what's the interpretation? That reasonable possibility in this case, with this fact set, Mrs. Dupie did say – she wrote letters, but she did a couple of things. She got an opinion from Dr. Porcaro, two of them, and what she said is that the heart condition contributed to the cause of death. Then she raised – she wrote the letters explaining why she was happy with her 1318 benefits, but now 1310 benefits for a host of reasons. And she said, I've been told that there is a link between PTSD and heart conditions. I'm paraphrasing. I apologize if I can find it in the record if you would like me to read it, but I'm paraphrasing. I've been told that there is this link between PTSD and these heart conditions. So you're saying that she met the reasonable possibility because she had some basis for the link between the two. Yes. Right. And perhaps I answered incorrectly. So you're saying that question of a link is in play with respect to reasonable possibility, right? I think it's – Whether or not there's a link – I mean, how much of a link is another question. So what's wrong with the Veterans Court commenting on that? Because the Veterans Court is not giving a chance for the statute to work the way it's a medical nexus opinion. And a medical nexus opinion is what the end result is of the proper interpretation of 5103 big A. That would be the end result. VA goes out and gets a medical nexus opinion. When they do that, and the nexus opinion – and if the nexus opinion would come back negative, then it would say, look, there's no way that the PTSD contributed to the heart condition, it contributed to the death. There's no way – if a medical professional says that, she will lose on 1310. But your standard is basically saying there's going to have to be a medical opinion sought by the VA in every case. I don't think it's every case. I think if, for example, if there were no opinion from Dr. Pacero in this case, and Mrs. Doopey had not written that letter saying, you know, I've been told that there's this link. If those two things weren't in the record, this would not have triggered the duty to assist. Because all we would have, the only evidence would be the location of death, the list of pneumonia as the primary cause of death, and no other evidence. I would never – well, I don't mean never, but I would likely not ask for the Department of Veterans Affairs at that point to go get an examination when there's absolutely a dearth of evidence, and there's no evidence whatsoever. But in this case, that's not true. You're not going to provide any link between the heart disease and the PTSD, right? Correct, Your Honor. So what you say is she provides the link by saying, somebody tell me that there's a link. She triggers the duty to assist by saying two things, that there's a link, and that there is evidence of links between PTSD and cardiovascular health. She says that there is actually that evidence. Had there never been any medical evidence on the question, again, the duty to assist would not be triggered. But once that happens, I am not asking this court to properly interpret 5103 Big A, and that means that VA has to go out and at that point get an examination, ask the question, help her, assist her. That's it, and that's why it's such a low legal standard. Okay. Anything else, we'll reserve the rest of your time for rebuttal. Thank you, Your Honor. Mr. Schoen. Thank you, Your Honor, and may it please the court. This court held in De La Rosa that it is not the case that every veteran receives a medical opinion, but instead it's within the VA's parameters and prerogatives to determine that some veterans do not receive an opinion. Yes, but I think the argument, if I understand it correctly, really takes us to that sentence that Mr. Stokes pointed to in the veterans' court opinion. And if read literally, there's a problem with that sentence, is there not? It sounds as if the veterans' court was saying that in order to establish a reasonable possibility, you have to establish a medical link. That can't be right, can it? Well, yes, that cannot be right. I don't think that's what the sentence says. And I think particularly, I don't think... Well, they say it's insufficient, pointing to the internet article, the medical literature, is insufficient to provide a medical link. Yes, Your Honor. Doesn't that look like they were saying you have to conclusively establish, have established a medical link in order to get the exam? And isn't that too tough a standard under the reasonable possibility question? Respectfully, I don't think so, Your Honor. And there are two reasons, but the primary one is because of what the next sentence says. And what the next sentence says is that the board did not expressly use the first set of words to find that there was no reasonable possibility. So the point there is that a reasonable, excuse me, a medical link, a reasonable possibility of a medical link. And I think if you read those sentences together, that's beyond dispute in terms of what the court was really saying. So you're saying we should read, that statement is fairly read to say to provide a reasonable possibility that there is a medical link, and then that would be consistent. I mean, I don't disagree with that. Yes, Your Honor. It just becomes a question of whether we can safely assume that that's what the Veterans Court really meant. Yes, Your Honor. And I think that's more than a stated assumption. The court stated the standard twice in the opinion, both earlier and then in the very next sentence. And I don't think that there's a real dispute as to what the Veterans Court was saying. But the board opinion does specifically state that there needs to be medical testimony in order to establish this link before they will allow for this additional medical opinion. Doesn't it say that? It says lay testimony. It can't establish a medical diagnosis. And in the absence of medical testimony, we're not going to say that there's been a sufficient next. That's what the board said. That's not my recollection of the board decision, Your Honor. And I mean, importantly here, the question for this court is, does this court possess jurisdiction to reverse what the Veterans Court held? The Veterans Court held here was that given what's everything in the record, there's no reasonable possibility. Yes, but he's right. But arguably, a legal question would be presented, would it not, if the Veterans Court had said, you have to establish a link in order to satisfy the reasonable possibility standard. That'd be a problem, right? That's a statutory question. I don't think so, Your Honor. I think if you read Coantonial and more, what makes it a statutory interpretation issue is when the decision below applies to all veterans uniformly. So according to those opinions, so Compton cited Coantonial. What this court found in Coantonial was that what the statutory issue became in that case was that the Veterans Court decision, quote, could be understood as saying that lay testimony can never be sufficient. So what this court found in Coantonial and more is that in those circumstances, that when what we can understand the Veterans Court saying is that categorically something can never ever do it, that may become an issue of statutory interpretation that this court could reverse. So if we read the sentence I referred you to broadly, suggesting that the Veterans Court thinks that you, in order to establish a reasonable possibility, you need to have established a medical link, sounds precisely to me like what you're talking about in the other case. Not quite. And I think the reason for that is because it's still specific to this case. The statutory standard is reasonable possibility. And it's within the VA's determination than the Veterans Court to decide whether for this veteran, it meets that statutory standard of reasonable possibility. And so long as it's specific to this veteran, and it's not interpreting the statute or applying some universal rule under Coantonial more de la Rosa and gold, that jurisdiction is not within this court to reverse that decision. But so if the board and the Veterans Court, every time a veteran comes up, says you have to have a medical opinion to establish a medical nexus before you get your medical opinion from the VA, if they say that in an individual case, and they say it in every individual case, that it's never reviewable? That's precisely what Congress intended here, is that when the decision is specific to a veteran, whether the facts for a specific veteran's case meet a statutory standard of important possibility. It can't be that you have to get a medical opinion to get a medical opinion, right? And to the extent that de la Rosa is being read that way, and there is some confusing language in de la Rosa, that can't be right, right? You don't have to have a medical opinion before you get a medical opinion. I certainly don't think in every case you need a medical opinion to get a medical opinion, Your Honor. And I don't think that's the VA's position here. And it's not the government's position. But the position here is that the court didn't find that. But the court found was for this veteran, given the facts of this case, the medical opinion was not necessary because there was no reasonable possibility. And because of that, and because that decision is applying that statutory standard, the evidence here to that standard specific to this veteran, which is on page 8. But the record, why there was no reasonable possibility, is because there was not a medical opinion creating the nexus. That's exactly what the board found. That's one of the problems. Certainly, if there were a medical opinion in the record saying there was a nexus, then there would be potentially a nexus. But it's not just that, Your Honor. It's that no medical opinion addressing this point has been presented or clarified. And on the very next page, they then go on to say, and lay testimony we ignore because it can't provide, lay testimony can't constitute a medical opinion. So that's the only two things we can rely upon is the absence of a medical opinion. There are, page 70 of the appendix, which is also part of the fourth decision, goes into a host of other reasons why this veteran doesn't qualify to receive an opinion, including the fact that there's nothing about cardiovascular disease in this record. The discharge report said that his cardiovascular arteries were normal, that the onset of this disease, the in that there's no evidence of a relationship in any of the doctor's opinions, although there are doctor's opinions, that's part of the record. So it's not just that. There's a whole host of facts, and that's precisely the point. Is that considering all these things, the board made this decision, the court then applied the statutory standard, which reasonable possibility is stated twice in the decision, found that the evidence here just simply didn't meet that standard. And that decision, again, is beyond this court's jurisdiction to reverse. The final point here, Your Honor, is that this also, this is not actually constructively before the board. The veteran's court made that finding. We're not appealing that, but certainly it's the VA's position here that an internet study of this nature is not constructively before the board. The court, in third part, and that's perfectly fine for this case, but certainly it's not the VA's position going forward. Thank you. Your Honor, at the end of the day, the veteran's court's decision, and the government's position in this case, really does require veterans and their dependents to obtain medical nexus evidence in order to trigger VA's duty to obtain medical nexus evidence. The reasonable possibility standard was written to be broad. It was written to be very, very deferential to the claimants. In this case, there is evidence that was submitted. There's medical evidence of the cardiovascular condition, and to the extent I do recognize that the cardiovascular condition was not noted until years later, but it is important to bear in mind for what the veteran did suffer severe. He was, in fact, totally disabled because of his post-traumatic stress disorder, which weighed on him for many years, and a doctor suggested that cardiovascular disease contributed to his death. The claimant herself raised the fact, and this fact is really not much in dispute anymore, that especially severe psychiatric conditions can exacerbate or cause... But the only way you could make a connection between the PTSD and the cardiovascular condition would be by a medical doctor or some medical authority. This is not a case in which lay evidence could make that connection, right? I agree, Your Honor. So, what you're saying is if the only way to make a connection is medical evidence, there's no need to provide any medical evidence before you're entitled to get the medical opinion from the VA, right? Yes, Your Honor. Okay. Is there anything else? No, Your Honor. Thank you very much for that. Thank you. The case is submitted.